**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | **CASE NO. 1:17 CR 121** |
| | ) | |
| Respondent, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| Jonathan Wiley, | ) | |
| | ) | **Memorandum of Opinion and Order** |
| Petitioner. | ) | |

## INTRODUCTION

This matter is before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 23). For the following reasons, the motion is DENIED IN PART. The Court will hold an evidentiary hearing on the limited question of whether Petitioner's trial counsel ignored an instruction to file a notice of appeal.

## FACTS

On April 4, 2017, Petitioner was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Petitioner pleaded guilty to the indictment pursuant to a plea agreement. (Doc. 13). The plea agreement included a detailed factual basis for the plea and a

1

waiver of Petitioner's right to collaterally attack his conviction and sentence, with the exception of claims relating to ineffective assistance of counsel or prosecutorial misconduct. He also reserved the right to appeal any punishment in excess of the statutory maximum or the sentencing guideline range. *Id.* at PageID # 35-6. On November 16, 2017, the Court sentenced Petitioner to a prison term of 51 months, a sentence at the lower end of the applicable guideline range. The judgment became final fourteen days later, and Petitioner did not file an appeal. On August 20, 2018, Petitioner filed the § 2255 petition at issue here.

## **STANDARD OF REVIEW**

A federal prisoner may challenge a sentence if it "was imposed in violation of the Constitution or laws of the United States . . . or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To prevail on a § 2255 motion, "the movant must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 497 (6th Cir. 2003). The petitioner has the burden of "sustaining [his] contentions by a preponderance of the evidence." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

## **ANALYSIS**

Petitioner seeks to vacate his conviction on the ground that there was an insufficient factual basis to support his plea. He also raises three ineffective assistance of counsel claims based on his attorney's alleged failure to: (1) move to suppress evidence; (2) inform Petitioner of the rights he was giving up by pleading guilty; and (3) file an appeal. Petitioner requests an evidentiary hearing on his petition.

2

**A. Factual Basis**

Petitioner argues that the Government failed to provide a sufficient factual basis for his plea of guilty. The Government responds that Petitioner waived this argument in the plea agreement and that, in any case, this argument would be unsuccessful on its merits. The Court agrees with the Government. Petitioner's plea agreement expressly states that Petitioner "expressly and voluntarily waives" the right to challenge his conviction or sentence collaterally through a § 2255 proceeding with certain exceptions. (Doc. 13, PageID #35). The factual basis for the plea was not one of the claims Petitioner reserved. *Id.* at PageID #35-6.

Moreover, even if Petitioner had not waived this claim, the record reflects a sufficient factual basis to support Petitioner's plea of guilty to a violation of 18 U.S.C. § 922(g)(1). To prove a violation of 18 U.S.C. § 922(g)(1), the Government must prove that: (1) the defendant was convicted of a crime "punishable by imprisonment for a term exceeding one year;" (2) following the defendant's conviction, he knowingly possessed a firearm and/or ammunition; and (3) the firearm and/or ammunition was in or affecting interstate commerce. *U.S. v. Daniel,* 134 F.3d 1259, 1262 (6th Cir. 1998). The plea agreement in this case set forth a detailed account of the factual basis for Petitioner's guilty plea, including the fact that Petitioner knowingly possessed a specific, loaded firearm that crossed state lines. (Doc. 13, PageID # 36-8). The plea agreement also detailed the prior felony convictions that prohibited Petitioner from possessing a firearm at the time of his offense. *Id.* Petitioner initialed every page of the plea agreement. *See id.* Moreover, Petitioner specifically confirmed the accuracy of the factual basis at his change of plea hearing. (Doc. 26, PageID # 142). Petitioner provides no basis for his argument that the factual basis set forth in the agreement is inadequate. As such, Petitioner's claim fails.

3

### B. Ineffective Assistance of Counsel

Petitioner raises three claims of ineffective assistance of counsel. To succeed on these claims, Petitioner must satisfy two prongs – deficiency and prejudice. *Strickland v. Washington,* 466 U.S. 668 (1984); *Rayner v. Mills,* 685 F.3d 631, 636 (6th Cir. 2012). To demonstrate deficiency, a petitioner must show that his "counsel's representation fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 688. To demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* The Supreme Court has defined a "reasonable probability" as one that is "sufficient to undermine confidence in the outcome." *Id.* In the plea context, in order to demonstrate prejudice, Petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hills v. Lockhart*, 474 U.S. 52, 59 (1985).

#### a. Motion to Suppress

Petitioner argues that his attorney's decision not to file a motion to suppress constituted ineffective assistance of counsel. The Court disagrees. Petitioner cannot establish either deficient performance or prejudice stemming from the decision not to file a motion to suppress.

The Government argues that Petitioner cannot show that his counsel's performance was deficient. In support of this argument, the Government provides an affidavit in which Petitioner's attorney avers that he performed "extensive research" regarding a potential motion to suppress, and discussed the factual basis for the motion with Petitioner and his brother. (Doc. 30-1). Petitioner's counsel further states that he informed Petitioner about the potential risk associated with filing an unsuccessful motion to suppress, and that Petitioner instructed him not

4

to file the motion. *Id.* Petitioner argues that he did not contest his attorney's recommendation because Petitioner did not understand the significance of the decision. This argument is unavailing. Even if Petitioner did not fully understand the significance of the decision not to file a motion to suppress, Petitioner has not demonstrated that his counsel's performance fell "below an objective standard of reasonableness" to constitute deficient performance.

Moreover, Petitioner has not demonstrated that he was prejudiced by the decision not to file a motion to suppress. As set forth above, where defense counsel's "failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Ray v. U.S.,* 721 F.3d 758, 762 (6th Cir. 2013) (citing *Kimmelman v. Morrison,* 477 U.S. 365, 375 (1986)).

The Court agrees with the Government that Petitioner cannot demonstrate prejudice because the record shows that the traffic stop was legal. The record shows that on February 22, 2017, officers observed a vehicle traveling faster than the speed limit, and conducted a traffic stop. (Doc. 16, PageID# 67). The speeding violation justified the traffic stop. *See United States v. Everett,* 601 F.3d 484, 488 (6th Cir. 2010) ("[Speeding] alone is enough to render the stop unlawful under the Fourth Amendment at its initiation."). During the traffic stop, Petitioner appeared to be nervous and when asked to step outside of the vehicle, he told the officer "I'm dirty." (Doc. 16, PageID# 67). When further questioned, he told the officer that he had a firearm in the pocket of his shorts. He also indicated to the officers that he had something in his jacket pocket, which was a bag of crack cocaine. *Id.*

5

Petitioner disputes that the vehicle was speeding, and argues that at a suppression hearing, the driver of the car (Petitioner's brother) would have testified that the car was stationary at the time the stop was conducted. (Doc. 30 at PageID # 162). Petitioner purports to attach an affidavit from his brother, but fails to do so. The Court agrees with the Government that the record does not support of Petitioner's allegation that the traffic stop was illegal, and Petitioner has not demonstrated that he suffered any prejudice by the decision not to file a motion to suppress. Accordingly, Petitioner's claim fails.

### b. Plea Agreement

Petitioner argues that his attorney failed to adequately explain to him the details of his plea agreement, including what rights he was waiving. However, the record directly contradicts Petitioner's claim. As the Government points out, Petitioner's plea agreement explicitly sets forth all the rights he waived by pleading guilty. (Doc. 13, PageID # 31-32, 35-36). Moreover, the plea agreement states that Petitioner discussed the case and plea agreement in detail with his attorney. *Id.* at 39-41. Petitioner initialed every page of the plea agreement. *Id.* Petitioner also confirmed that he read the plea agreement and reviewed it with counsel during the change of plea hearing. (Doc. 26 at PageID # 139). He stated that there was nothing in the plea agreement that he did not understand. *Id.* Thus, the record directly contradicts Petitioner's claim, and Petitioner has set forth no basis to establish deficient performance or prejudice on this claim. Petitioner's claim is dismissed.

### c. Appeal

Petitioner argues that he specifically asked his attorney to file a notice of appeal of his sentence and that his attorney failed to do so. The Government argues that Petitioner's claim

fails because Petitioner waived his right to appeal his conviction and sentence in his plea agreement.  The Government also argues that Petitioner was not prejudiced by his attorney's failure to file an appeal because Petitioner received a sentence within the applicable guideline range.

The Government's arguments are unavailing.  The Sixth Circuit has held that "even where an appeal appears frivolous, an attorney's obligations to his or her client do not end at the moment the guilty plea is entered." *Campbell v. U.S.,* 686 F.3d 353, 358 (6th Cir. 2012).  Instead, "a defendant is entitled to counsel who will follow through on express instructions to proceed with an appeal, no matter what the ultimate odds of success." *Id.* at 360.  Specifically, the *Campbell* court held that, "even when a defendant waives all or most of his right to appeal, an attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel that entitles the defendant to relief in the form of a delayed appeal." *Id.*  The petitioner in *Campbell,* like Petitioner here, made an uncontradicted assertion that his counsel refused to file an appeal at his direction.  The Sixth Circuit held in *Campbell* that the district court's ruling on the motion without holding an evidentiary hearing was in error. *Id.*

The Government has set forth no argument or evidence disputing Petitioner's claim that he asked his attorney to file an appeal and his attorney failed to do so.  Notably, the Government even included an affidavit from Petitioner's attorney in its Opposition, but failed to address this claim in the affidavit.  Thus, according to *Campbell,* the Court must hold an evidentiary hearing to determine the validity of Petitioner's claim.

**CONCLUSION**

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 23) is DENIED IN PART.  The Court will hold an evidentiary hearing on the limited question of whether Petitioner's trial counsel ignored an instruction from him to file a notice of appeal.  The Court appoints the Federal Public Defender as counsel for Petitioner.  The hearing is set for January 11, 2019 at 10:00 a.m.

IT IS SO ORDERED.


       /s/ Patricia A. Gaughan
      PATRICIA A. GAUGHAN
      United States District Court
      Chief Judge

Dated: 12/11/18