**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 1:17 CR 121 |
| | ) | |
| Respondent, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Jonathan Wiley, | ) | |
| | ) | **Memorandum of Opinion and Order** |
| Petitioner. | ) | |

**PROCEDURAL BACKGROUND**

On April 4, 2017, Petitioner was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Petitioner pleaded guilty to the indictment pursuant to a plea agreement. (Doc. 13). The plea agreement included a detailed factual basis for the plea and a waiver of Petitioner's right to collaterally attack his conviction and sentence, with the exception of claims relating to ineffective assistance of counsel or prosecutorial misconduct. He also reserved the right to appeal any punishment in excess of the statutory maximum or the sentencing guideline range. *Id.* at PageID # 35-6. On November 16, 2017, the Court sentenced Petitioner to a prison term of 51 months, a sentence within the applicable guideline range of 46-

1

57 months. At the sentencing hearing, the Court advised Petitioner of his right to appeal, but Petitioner did not indicate a desire to appeal. The judgment became final fourteen days later, and Petitioner did not file an appeal. On August 20, 2018, Petitioner filed his § 2255 petition. He sought to vacate his conviction on the ground that there was an insufficient factual basis to support his plea. He also raised three ineffective assistance of counsel claims based on his attorney's alleged failure to: (1) move to suppress evidence; (2) inform Petitioner of the rights he was giving up by pleading guilty; and (3) file an appeal. The Court denied all of Petitioner's claims but held that an evidentiary hearing was necessary to determine whether Petitioner's trial counsel failed to file an appeal after Petitioner instructed him to do so. The Court appointed counsel to represent Petitioner at the hearing.

**EVIDENTIARY HEARING**

This Court held an evidentiary hearing on January 10, 2019, at which both Petitioner and his trial counsel, James McDonnell, testified. In support of his claim, Petitioner testified that after he was sentenced, he sat down at the table and whispered the word "appeal" to McDonnell. He testified that in response, McDonnell said Petitioner could "get more time." Petitioner did not elaborate on what he interpreted that to mean. Petitioner testified that after the hearing, he did not know whether a notice of appeal would be filed. Petitioner also testified that although he wrote to McDonnell after his sentencing about other issues, he did not write to McDonnell asking him to file a notice of appeal. Petitioner testified that he asked his mother to contact McDonnell about an appeal, but he had no records to reflect this communication with his mother. He also testified that he never wrote to the Court or anyone else about his desire to appeal. Petitioner did not know on what grounds he would want to appeal. Rather, he said that he needs

2

a lawyer's assistance to determine those grounds.[1]

McDonnell also testified at the hearing. He stated that he has been a criminal defense attorney since 1981, and that he has tried over 300 cases as a criminal defense lawyer. He estimated that he represents between 100 and 200 criminal defendants every year. McDonnell testified that he met with Petitioner multiple times throughout the course of his representation. He reviewed the discovery in the case, and filed a motion to suppress. After that filing, he discussed the merits of the motion with Petitioner, as well as the strategies associated with pursuing or withdrawing the motion. He also discussed with Petitioner the option of pleading guilty, and the potential outcomes associated with that decision. Ultimately, Petitioner opted to withdraw the motion and enter into a plea agreement.

McDonnell testified that he reviewed the initial presentence report with Petitioner. The probation officer found that there should be a four-level increase in Petitioner's offense level under USSG § 2K2.1(b)(6), and McDonnell objected to that finding on behalf of his client. McDonnell also objected to the two additional criminal history points Petitioner received for being under a criminal justice sentence for an earlier conviction for aggravated robbery, but later withdrew the objection.

McDonnell had no recollection of Petitioner saying the word "appeal" after the sentencing hearing. In fact, McDonnell testified that it is his practice to ask every client if they want to appeal at various stages of his representation of them, including at the sentencing hearing. He stated that if Petitioner had asked him to file a notice of appeal at the sentencing

---

[1] Upon redirect, Petitioner stated that he would want to appeal the criminal history category used to calculate his sentence.

3

hearing, he would have immediately alerted the Court and filed the notice. McDonnell testified that he never received a phone call from Petitioner's mother or anyone else asking about an appeal for Petitioner. He also testified that he did not believe that Petitioner had any meritorious grounds for an appeal.

## **LAW AND ANALYSIS**

To succeed on his ineffective assistance of counsel claim, Petitioner must demonstrate (1) that counsel's representation "fell below an objective standard of reasonableness," and (2) that counsel's deficient performance prejudiced the defendant. *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000) (citing *Strickland v. Washington,* 466 U.S. 668 (1984)). In *Flores-Ortega*, the Supreme Court specifically considered when counsel's failure to file a direct appeal constitutes ineffective assistance of counsel. First, "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Second, if counsel has not consulted with the defendant, the court must ask whether that "failure . . . itself constitutes deficient performance." *Id.* at 478. "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal . . ., or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. In making this determination, a court must consider "all the information that counsel knew or should have known." *Id.* Relevant factors include whether the conviction follows a trial or guilty plea, whether the defendant received the sentence bargained for, and whether a plea expressly reserved or waived some or all appeal rights. *Id.*

To prove the prejudice prong, "a defendant must demonstrate that there is a reasonable

4

probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484. "[E]vidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making this determination." *Id.* at 485 (noting that the analysis of the prejudice prong is "not wholly dissimilar from the inquiry used to determine whether counsel performed deficiently"). Nevertheless, a defendant need not "specify the points he would raise were his right to appeal reinstated" or demonstrate that his appeal might have merit. *Id.* at 487.

Taking into account the totality of the circumstances, the Court finds that Petitioner has not met his burden of proving that McDonnell provided ineffective assistance of counsel. As an initial matter, the Court finds that Petitioner has not shown that he gave McDonnell specific instructions to file an appeal. Although Petitioner testified that he sat down at the table after he was sentenced and whispered the word "appeal" to McDonnell, McDonnell testified that he has no recollection of Petitioner ever making that request.[2] McDonnell also testified that his regular practice is to ask his clients whether they wish to file an appeal multiple times throughout his representation of them, including at the sentencing hearing, and that he would have immediately alerted the Court and filed the appeal had Petitioner asked him to do so. Petitioner also initially stated that McDonnell gave his mother "a run around" regarding some paperwork that Petitioner

---

[2] The Court notes that Petitioner's testimony in this regard is inconsistent with the practice of this Court. Absent extraordinary circumstances that would be on the record, all criminal defendants appearing in this Court stand at the podium with their attorney at the sentencing hearing. At the conclusion of the hearing, while still standing at the podium, the defendant is handcuffed and escorted out. Thus, criminal defendants never have an opportunity to sit down at the table and talk to their lawyers following sentencing.

5

requested, but then clarified that the paperwork was regarding an issue unrelated to an appeal, and that Petitioner's mother did not discuss an appeal with McDonnell. Moreover, Petitioner admitted that he never made any effort to contact McDonnell about an appeal, even though he sent letters to McDonnell after the sentencing pertaining to other matters. Thus, Petitioner cannot meet the first method of showing deficient performance under *Flores-Ortega*.

Petitioner also cannot show that McDonnell was deficient for failing to consult with him about an appeal. As to the first part of this test, there was no reason for McDonnell to think that a rational defendant would have wanted to appeal the sentence. Petitioner pled guilty and received a sentence within the sentencing range he bargained for. Moreover, there were no nonfrivolous grounds for appeal. Although Petitioner eventually stated in his testimony that he would have objected to the two additional points he received for being under a criminal justice sentence for aggravated robbery, a review of the applicable dates shows that this would have been a frivolous appeal. Notably, Petitioner's counsel withdrew this objection prior to sentencing. Although Petitioner also objected to the four-level enhancement in his offense level computation, the Court did not impose that enhancement at sentencing. Thus, there was no reason for McDonnell to think that, under the circumstances, a rational defendant would have wanted to appeal the sentence.

Nor does the evidence show that Petitioner reasonably demonstrated he was interested in appealing. As stated above, McDonnell has no recollection or record of Petitioner asking him to file an appeal. Moreover, Petitioner has no record of sending a letter or email or making a phone call to McDonnell asking him to file a notice of appeal, even though Petitioner corresponded with McDonnell regarding other issues. Given (1) that Petitioner pled guilty, (2)

the lack of any documentary evidence that Petitioner demonstrated a desire to appeal, (3) the lack of nonfrivolous grounds for appeal, (4) that this Court advised Petitioner of his right to appeal at the sentencing hearing, and (5) that Petitioner waived his appeal rights in his plea agreement, the Court credits McDonnell's testimony over Petitioner's and finds that Petitioner did not demonstrate an interest in appealing his sentence.

For all of the same reasons that Petitioner cannot prove deficient performance, the Court also finds that Petitioner cannot meet the prejudice prong of his ineffective assistance of counsel claim. Petitioner received the sentence for which he bargained.

**CONCLUSION**

For the foregoing reasons, Petitioner's claim for ineffective assistance of counsel based on failure to appeal is DENIED. Having previously dismissed Petitioner's other claims, this Court hereby dismisses Petitioner's Motion Under 28 U.S.C. § 2255 (Doc. 23) in its entirety. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 1/22/19

7